## NOONAN v. SAX.

Court of Appeals of District of Columbia. Submitted January 15, 1929. Decided February 4, 1929.

No. 2107.

1004

Theodore K. Bryant of Washington, D. C., J R. Hodder, of Boston, Mass., for appellant.

D. P. Wolhaupter and Edw. R. Walton, Jr., both of Washington, D. C., for appellee.

Before MARTIN, Chief Justice and ROBB and VAN ORSDEL, Associate Justices.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals (Examiner of Interferences and the Board of Appeals) in an interference proceeding awarding priority of invention of the two counts to the junior party, Sax.

The invention is very simple, and covers an improved tap sole for use in repairing boots and shoes. Prior to this invention such soles were made in pairs; one cut to conform to the shape of the right shoe, the other cut to conform to the shape of the left shoe. The tap sole of the invention is so shaped that it may be used on either right or left shoe by trimming it to a slight extent. Count 2 is here reproduced:

"As an improved article of manufacture, a leather tapsole, half sole or the like, comprising a forepart and toe portion with contour suitable for the outer edges of either right or left shoe and with the shank portion formed partly on the diagonal lines of both right and left shoe constructions."

After a painstaking consideration of the evidence, the Patent Office tribunals found that Noonan first conceived the invention as early as January 31, 1920, and that this date was earlier than that of Sax. They also found that Noonan's earliest date for reduction to practice was August, 1923; that between the dates of conception and reduction to practice he was utterly lacking in diligence. They further found that there was no evidence that he was not financially able to file an application during this period.

The Patent Office tribunals also concurred in the finding that between Noonan's conception and January, 1923, Sax conceived, reduced to practice, and placed the invention on the market. All this occurred during the period of Noonan's inactivity.

We have carefully examined the record in the light of appellant's argument and brief, and are convinced of the correctness of the findings and conclusion of the Patent Office. The decision is therefore affirmed.

Affirmed.